1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUDOLPH F. ESTRADA,                       No.  1:23-cv-00609 GSA (PC)

12              Plaintiff,                      ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13        v.
                                                ORDER RECOMMENDING DISMISSAL
14   RUSSELL DURAN, et al.,                     FOR FAILURE TO OBEY COURT A ORDER
                                                AND FOR FAILURE TO KEEP COURT
15              Defendants.                     APPRISED OF CURRENT ADDRESS

16                                              (ECF No. 8)

17

18        Plaintiff, a former county jail inmate proceeding pro se and in forma pauperis, has filed

19   this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United

20   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        For the reasons stated below, the undersigned will recommend that this matter be

22   dismissed for failure to keep the Court apprised of his current address and for failure to obey a

23   court order.  See ECF Nos. 26, 27.  Plaintiff will have fourteen days to file objections to this

24   order.

25        I.    RELEVANT FACTS

26        Plaintiff's last interaction with the Court was on August 22, 2023, the date that his first

27   amended complaint was docketed.  See ECF No. 7.  As a result, on March 12, 2025, given the

28   amount of time that had passed and prior to screening the FAC, the Court ordered Plaintiff to file

                                             1

1  a notice of current address.  See ECF No. 8 (minute order).  Plaintiff was given seven days to

2  comply with the Court's order.  See id.

3      On March 24, 2025, the Court's order was returned to it marked, "Undeliverable, Return

4  to Sender, Attempted-Not Known, Unable to Forward, Not in Custody."  See 3/24/25 docket

5  entry.  Based on this, under the Local Rules, Plaintiff had thirty days to file a notice of change of

6  address.  To date, however, Plaintiff has not done this, nor has he requested an extension of time

7  to do so.

8      II.    APPLICABLE LAW

9          A.  Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

10      Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails

11  to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

12  also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

13  110.

14      Local Rule 182(f) permits service to be effective service at a prior address if a party fails

15  to notify the Court and other parties of his address change.  Id.  Finally, Local Rule 183(b) gives a

16  party who appears in propria persona a period of time to file a notice of change of address if some

17  of his mail is returned to the Court.  Id.

18          B.  Malone Factors

19      The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

20  failure to comply with a court order.  It writes:

21

22  A district court must weigh five factors in determining whether to dismiss a case
    for failure to comply with a court order:  "(1) the public's interest in expeditious

23  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
    prejudice to the defendants; (4) the public policy favoring disposition of cases on

24  their merits; and (5) the availability of less drastic sanctions."

25

26  Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

27  Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

28      III.    DISCUSSION

2

1        A.  <u>Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This</u>

2        <u>Case</u>

3        Although the docket indicates that Plaintiff's copy of the order which directed him to file

4 a notice of current address with the Court was returned, Plaintiff was properly served.  It is a

5 plaintiff's responsibility to keep a court apprised of his current address at all times.  Pursuant to

6 Local Rule 182(f), service of documents at the record address of the party is fully effective.  The

7 fact that Plaintiff failed to file a notice of change of address with the Court by itself warrants the

8 dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

9        B.  <u>Application of Malone Factors Supports the Dismissal of This Case</u>

10        1.  <u>Expeditious Resolution of Litigation; Court's Need to Manage Its Docket</u>

11        Plaintiff has been given sufficient time to file a notice of change of address with the Court.

12 Yet, he has failed to do so, nor has he contacted the Court to provide reasons for not having done

13 so.

14        The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly

15 dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

16 the processing of frivolous and repetitious requests."  <u>Whitaker v. Superior Court of San</u>

17 <u>Francisco</u>, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that

18 keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current

19 address with the Court is not a good use of the Court's already taxed resources.  Indeed, keeping

20 this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in

21 fairness to the many other litigants who currently have cases before the Court, no additional time

22 should be spent on this matter.

23        2.  <u>Risk of Prejudice to Defendants</u>

24

---

25 [1]  The Eastern District of California carries one of the largest and most heavily weighted

26 caseloads in the nation.  <u>See</u> Office of the Clerk, United States District Court, Eastern District of California, <u>2024 Annual Report</u>, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").

27 This problem is compounded by a shortage of jurists to review its pending matters.  <u>See generally</u>

28 <u>id.</u> (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

Furthermore, because viable Defendants have yet to be identified and served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change of address[2] since its order directing Plaintiff to file a notice of current address with the Court issued, without the filing of a notice of new address by Plaintiff there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor can it be disposed of on its merits.

### IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey a court order and for Plaintiff's failure to keep the Court apprised of his current address. Despite the fact that Plaintiff cannot be located and that no viable Defendants have been identified and served, a period of fourteen days will be given for Plaintiff to file objections to this order. However, should this order be returned to the Court marked undeliverable before the end of the fourteen-day period, the District Judge that will be assigned to this action may dismiss it immediately.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Judge to this action;

IT IS FURTHER RECOMMENDED that this matter be DISMISSED for Plaintiff's failure to obey a court order and for his failure to keep the Court apprised of his current address.

---

[2] In 2025, the period that a litigant appearing in propria persona has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b).

4

1   See Fed. R. Civ. P. 41(b); Local Rule 110.

2       These findings and recommendations are submitted to the United States District Judge

3   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

4   after being served with these findings and recommendations, Plaintiff may file written objections

5   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

6   and Recommendations," and it shall not exceed fifteen pages.

7       The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

8   wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its

9   CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in

10  excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28

11  U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

12  objections within the specified time may result in the waiver of certain rights on appeal.  See

13  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

14  Cir. 1991).

15

16

17  IT IS SO ORDERED.

18      Dated:   **April 30, 2025**                    **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28