# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH F. ESTRADA,<br><br>      Plaintiff,<br><br>   v.<br><br>RUSSELL DURAN, et al.,<br><br>      Defendants. | Case No. 1:23-cv-0609 JLT GSA (PC)<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE, TERMINATING THE PENDING RECOMMENDATIONS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 10) |

Rudolph Estrada initiated this action by filing a complaint, seeking to hold the defendant liable for a violation of his civil rights while in housed at the Fresno County Jail. (Doc. 1.) The Court recently attempted written communications with Plaintiff, which the U.S. Postal Service returned as "Undeliverable, Return to Sender, Attempted-Not Known, Unable to Forward, Not in Custody" on March 24, 2025.

Plaintiff is obligated to keep the Court informed of a proper mailing address pursuant to Local Rule 183(b), which provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

*Id.* Because more than 30 days have passed since the Postal Service returned the Court's mail on

March 24, 2025, Plaintiff failed to comply with Local Rule 183(b).  Thus, "the Court may dismiss the action without prejudice for failure to prosecute." *Id.*; *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rules).

To determine whether to dismiss an action for failure to prosecute, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1424; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (identifying the same factors).

In this matter, the public's interest in expeditiously resolving the litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this case in abeyance where a litigant fails to keep it informed of a proper mailing address for written communications.  Thus, these factors weigh in favor of dismissal of the action.

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case."  *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a presumption of prejudice arises through a delay in the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Toward this end, the third factor also supports dismissal of the action.

Previously, the Court warned Plaintiff that it may dismiss the action if he failed to comply with the obligation to keep the Court informed of his correct mailing address.  (Doc. 2 at 5.)  This

warning satisfied the requirement that the Court consider lesser sanctions. *See Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Moreover, no lesser sanction is feasible due to the Court's inability to communicate with Plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

Finally, the policy favoring disposition of cases on their merits is outweighed by the other factors that favor dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). The factors identified by the Ninth Circuit weigh in favor of terminating sanctions for Plaintiff's failure to keep the Court informed of his current mailing address as required by Local Rule 183(b). Thus, Court **ORDERS**:

1. The action is **DISMISSED** without prejudice for Plaintiff's failure to comply with Local Rule 183 and failure to prosecute the action.
2. The Findings and Recommendations dated May 1, 2025 (Doc. 10) are terminated as **MOOT**.
3. The Clerk of Court is directed to close the action.

IT IS SO ORDERED.

Dated:   **May 22, 2025**

UNITED STATES DISTRICT JUDGE

3